UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> SCOT L. ASKHAM, ) <br> ) <br> Defendant. ) <br> ) | NO.   CR-06-0082-WFN-1 <br><br> ORDER |

Pending before the Court is Mr. Askham's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Gerald Smith. Assistant United States Attorney Robert Ellis represents the Government. An evidentiary hearing was held on July 22, 2009. Mr. Smith called four witnesses: Lisa Warner-Askham, Charyl Warner, Dennis Warner, and Scot Askham. The Government called three witnesses: Alan Baum, David Miller, and Leland McEuen. The Court has considered the file, the briefings, and the testimony, and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On August 8, 2006, Mr. Askham was indicted in violation of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography [Count 1] and violation of 18 U.S.C. § 2252A(a)(1),(2), Distribution of Child Pornography [Count 2]. Mr. David Miller filed a Notice of Appearance on August 25, 2006. On July 10, 2007, Mr. Gregory Lockwood and Mr. Alan Baum submitted a Notice of Withdrawal and Substitution. On August 7, 2007, the Government filed a Second Superseding Indictment charging Mr. Askham with

ORDER - 1

1  (1) Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) [Count 1];
2  (2) Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1),(2)
3  [Counts 2 and 4]; (3) Advertisement of Child Pornography in violation of 18 U.S.C.
4  § 2252A(a)(3)(B)(I) [Count 3] (4) Receipt of Child Pornography in violation of 18 U.S.C.
5  § 2251A(a)(2)(A)(B) [Count 5]; and (5), Forfeiture, 18 U.S.C. § 2253 [Count 6].

On September 10, 2007, Mr. Askham pled guilty to Count 2 of the Superseding Indictment. The Court sentenced Mr. Askham to 84 months imprisonment and five years supervised release on December 18, 2007.

## II. ANALYSIS

To gain relief under 28 U.S.C. § 2255, a movant must establish that (1) he is in custody under a sentence of this Court; (2) his request for relief was timely; and (3) that either the sentence imposed is unconstitutional or violates federal law, this Court lacked jurisdiction to impose the sentence, the sentence exceeds what is authorized by law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Askham established that he satisfies the first two prongs.

Mr. Askham argues that he satisfies the third prong of the statute because he received ineffective of assistance of counsel and therefore his guilty plea and sentence was unconstitutional. The four grounds raised by Mr. Askham are: (1) ineffective assistance of counsel when counsel failed to adequately investigate; (2) ineffective assistance of counsel when counsel failed to dispute or exclude evidence; (3) ineffective assistance of counsel when counsel failed to adequately communicate and advise Mr. Askham with respect to possible defenses; and (4) ineffective assistance of counsel when counsel failed to aggressively pursue strategies and arguments to mitigate sentencing to the fullest extent possible.

In order to a establish a Sixth Amendment claim based on ineffective assistance of counsel, the movant must prove the two-prong test set forth in Strickland v. Washington.

ORDER - 2

*Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the movant must prove that counsel's performance was deficient by showing that counsel's performance "fell below an objective standard of reasonableness." *Duncan*, 528 F.3d at 1234; quoting *Strickland*, 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption, that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Second, the movant must demonstrate that he was prejudiced by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Duncan*, 528 F.3d at 1234; quoting *Strickland*, 466 U.S. at 694. If the movant pleaded guilty, then he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58 (1985) (holding that the Strickland two-prong test applies to challenges of ineffective assistance of counsel in the context of guilty pleas).

**A.  Deficient Performance.**

**1.  Ground One:  Failure to Adequately Investigate.** In order to prevail on his ineffective assistance of counsel claim based on failure to adequately investigate, Mr. Askham must prove that his counsel's performance was deficient. In order to meet the objective standard of reasonableness, counsel has a duty to investigate. *Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness [under] all the circumstances . . . ." *Id.* at 1234. Courts award attorneys considerable discretion when determining what to investigate; however,

attorneys must have a foundation for basing their decisions before deciding not to investigate. *Id.* at 1235.

Mr. Miller's and Mr. Baum's representation did not fall below a reasonable objective standard. Mr. Miller conducted reasonable pre-trial investigation; he reviewed the images taken from Mr. Askham's computer and reviewed the discovery provided by the Government. Mr. Miller also determined that an independent forensic analysis was not necessary for three reasons: cost, Mr. Askham's signed statement, and his interview with Mr. Askham. Further, although the Court recognizes that Mr. Miller made a mistake in his legal analysis, the Court finds that this mistake does not constitute deficiency.

When Mr. Baum substituted for Mr. Miller, he obtained the pretrial investigation completed by Mr. Miller by discussing the facts and images of the case with Mr. Miller. Mr. Baum did not see an advantage to spending money on a forensic analysis because Mr. Askham never denied having the images on his computer and, therefore, the result of the independent forensic analysis would not change anything.

**2. Ground Two: Failure to Dispute or Exclude Evidence.** Mr. Askham argues that counsel failed to attack inaccuracies in the affidavit in support of the search warrant, inaccuracies in the statement signed by Mr. Askham, and the lack of Miranda warnings given to Mr. Askham, through the use of suppression motions.

Mr. Askham did not carry the burden of proof on his claims that counsel failed to attack inaccuracies in the affidavit in support of the search warrant and the statement signed by Mr. Askham, through suppression motions; therefore the Court cannot find that counsel was ineffective. The movant has the burden of proof to establish by a preponderance of the evidence that he has been deprived of his constitutional right to effective assistance of counsel. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Mr. Askham, did not present evidence in his Memorandum in Support of § 2255 Motion (Ct. Rec. 93) or at the evidentiary hearing that inaccuracies existed in the affidavit in support of the search

ORDER - 4

warrant. There was also no evidence presented that there were inaccuracies in the statement signed by Mr. Askham. On the contrary, the Government offered testimony from Mr. Miller that there were no inaccuracies in the statement signed by Mr. Askham. However, the Court finds that both Mr. Miller's and Mr. Baum's failure to assert the lack of Miranda warnings did not fall below the objective standard of reasonableness. Mr. Miller reviewed the statement of the FBI agent, discussed a possible Miranda violation with Mr. Askham, and ultimately concluded that there was not a suppressible issue. Mr. Baum reviewed the FBI report and did not find a Miranda challenge.

**3. Ground Three: Failure to Adequately Communicate.** Mr. Askham bases his § 2255 Motion on advisement from Mr. Baum that if he did not plead guilty then he would go to jail for ninety years. The Court does not accept that Mr. Baum made such a statement, and finds that Mr. Miller and Mr. Baum adequately communicated with Mr. Askham.

"Adequate consultation between attorney and client is an essential element of competent representation of a criminal defendant." *Turner v. Duncan*, 158 F.3d 449, 458 (9th Cir. 1998); quoting *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983). In Turner, the Ninth Circuit held that counsel was deficient when he spent only forty-five minutes with his client prior to trial. *Turner,* 158 F.3d at 458. In Correll v. Stewart, the Ninth Circuit held that the attorney was deficient when he met with his client for only five minutes between the guilt and penalty phases. *Correll v. Stewart*, 137 F.3d 1404, 1412 (9th Cir. 1998). When communicating with a defendant regarding his guilty plea, the Ninth Circuit has established that counsel must make more than a "mere inaccurate prediction" to be found deficient. *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004). In advising his client, the attorney must grossly mischaracterize the outcome of the plea agreement and give "erroneous advice on the probable effects of going to trial." *Id.*; quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

ORDER - 5

Mr. Miller and Mr. Baum were not deficient because they adequately communicated with Mr. Askham. Mr. Miller had personal meetings with Mr. Askham, phone conversations and email correspondence. When Mr. Miller received the proposed plea agreement from Assistant United States Attorney Jared Kimball, he discussed the plea agreement and sentencing guidelines with Mr. Askham. The plea agreement was further discussed when Mr. Baum substituted for Mr. Miller. Although Mr. Baum only had two personal meetings with Mr. Askham, he had several telephone conversations and email correspondences. In reviewing the plea agreement, Mr. Baum discussed the pros and cons of pleading guilty and going to trial with Mr. Askham. Mr. Baum also discussed with Mr. Askham the sentencing guidelines and how going to trial on a count of advertising child pornography carried a statutory minimum of fifteen years. Mr. Baum further advised Mr. Askham that it would be disadvantageous to go to trial because he would be facing a statutory minimum of fifteen years and would lose the acceptance of responsibility. Based on his experience and analysis of the case, Mr. Baum urged Mr. Askham to plead. Lastly, the Court does not accept that Mr. Baum told Mr. Askham that he would face a ninety year sentence if he chose to go to trial. Mr. Baum is a certified criminal law specialist, who has been practicing criminal law for forty-one years and the Court does not accept that Mr. Baum would make such a statement.

**4. Ground Four: Failure to Aggressively Pursue Strategies and Arguments to Mitigate Sentencing.** The right to effective assistance of counsel extends to "all critical stages of the criminal process," which includes sentencing. *Summerlin v. Schriro*, 427 F.3d 623, 629 (9th Cir. 2005). Mr. Askham argues that his counsel was ineffective because he failed to file objections to the Presentence Investigation Report [PSR] and failed to file a motion for departure. The Court finds that Mr. Baum's representation was not deficient and his decision not to file objections to the PSR or a motion for departure was part of Mr. Baum's strategy.

ORDER - 6

It is clear from the record that the Plea Agreement calculation of 97 to 121 months (Ct. Rec. 75) was already a significant variance from the guideline calculation of 210 to 262 months contained in the PSR. The Court cannot say the PSR guideline calculation is wrong. Mr. Baum found that the most appropriate approach was to persuade the Judge to sentence Mr. Askham to the low-end of the contemplated range of the Plea Agreement and not to ask for an even lower sentence because the PSR range came in much higher than the parties predicted. In mitigating Mr. Askham's sentence, Mr. Baum asked Mr. Askham to collect character references, but advised Mr. Askham to remove certain sections because they suggested that Mr. Askham was not accepting responsibility. Mr. Baum advised Mr. Askham to edit the letters because he wanted to ensure that Mr. Askham received acceptance of responsibility. Further, Mr. Baum did not want family members to testify because they get emotional at sentencing hearings and he did not want to undermine Mr. Askham's acceptance of responsibility.

**B. Prejudice.**

The Court found that Mr. Miller's and Mr. Baum's representation was not deficient; therefore, the analysis does not proceed to determine whether Mr. Askham was prejudiced.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued by this Court or a circuit justice if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(2) (West 2009). In order to satisfy this standard, an applicant must show that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason could differ with the Court's conclusion that Mr. Askham has failed to make a substantial showing that he was denied a constitutional right. Thus, a certificate of appealability should issue. Accordingly,

ORDER - 7

1    **IT IS ORDERED** that Mr. Askham's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed December 12, 2008, **Ct. Rec. 92**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel;
- Inform the Ninth Circuit Court of Appeals this if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**.

**DATED** this 28th day of July, 2009.

07-27

                               s/ Wm. Fremming Nielsen
                               WM. FREMMING NIELSEN
                               SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8